

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELWOOD PATRICK HOPKINS,<br>Petitioner | : : : | No. 4:07-CV-2282 |
| v. | : : | Judge John E. Jones III |
| DAVID DIGUGLIELMO, *et. al*,<br>Respondents | : : | |

## MEMORANDUM AND ORDER

May 27, 2009

This matter is before the Court on the petition of Elwood Patrick Hopkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court will provide the parties the opportunity to address the timeliness of the petition.

## I. BACKGROUND

On January 19, 1990, a fire damaged an apartment building and an adjacent personal care home in Mahanoy City, Schuylkill County, Pennsylvania.[1] Harry Kraut, a resident of the personal care home, died of injuries sustained in the fire. Several days later, Hopkins was arrested and charged with criminal homicide, causing or risking a catastrophe, and several arson-related offenses.

---

[1] This factual and procedural background is derived from the Repsondents' Supplemental Answer to the Petition and the exhibits appended thereto (Doc. 16).

1

On November 14, 1990, a jury in the Schuylkill County Court of Common Pleas acquitted Hopkins of second and third degree murder but convicted him of involuntary manslaughter, arson endangering persons, arson endangering property, risking a catastrophe, causing a catastrophe, and reckless burning or exploding.

Following the denial of post-trial motions, on April 26, 1993, the Court of Common Pleas sentenced Hopkins to life imprisonment without the possibility of parole pursuant to 18 Pa. C.S.A. § 3301(b).[2] The court also sentenced Hopkins to various other concurrent sentences on the remaining convictions.

Hopkins filed a timely appeal to the Pennsylvania Superior Court, raising the following issues: (i) weight and sufficiency of the evidence; (ii) the trial court

---

[2] The Pennsylvania arson statute provides, in relevant part:
(a) Arson endangering persons.–
    (1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:
        (i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or
        (ii) he commits the act with the purpose of destroying or damaging an inhabited building or occupied structure of another.
    (2) A person who commits arson endangering persons is guilty of murder of the second degree if the fire or explosion causes the death of any person, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire, and is guilty of murder of the first degree if the fire or explosion causes the death of any person and was set with the purpose of causing the death of another person.
(b) Sentence.– A person convicted of violating the provisions of subsection (a)(2), murder of the first degree, shall be sentenced to death or life imprisonment without right to parole; a person convicted of murder of the second degree, pursuant to subsection (a)(2), shall be sentenced to life imprisonment without right to parole. Notwithstanding provisions to the contrary, no language herein shall infringe upon the inherent powers of the Governor to commute said sentence.

2

erroneously permitted the prosecution to introduce a videotape of the fire; (iii) impermissible closing argument by the prosecutor; (iv) the trial court unduly pressured the jury to reach a verdict; (v) the trial court imposed an illegal sentence under 18 Pa. C.S.A. § 3301(b); and (vi) the trial court erroneously denied his motion for a new trial based on newly discovered evidence, namely that one of the prosecution's witnesses admitted to setting the fire and blaming it on Hopkins, contrary to his testimony at trial. By memorandum of April 15, 1994, the Superior Court rejected each of these arguments on the merits and affirmed Hopkins's conviction and sentence. Hopkins did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 16, 1997, Hopkins, through counsel, filed his first petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). The petition argued that Hopkins's trial counsel rendered unconstitutionally ineffective assistance by failing to challenge Hopkins's conviction and sentence on double jeopardy grounds. On December 30, 1997, the PCRA court denied Hopkins's petition. Hopkins appealed, and pursuant to the PCRA court's order, identified the following, largely overlapping, matters complained of on appeal: (i) the trial court erred in imposing a life sentence without parole under 18 Pa. C.S.A. § 3301 when Hopkins was found not guilty of second and third degree murder; (ii) the trial

court erred in not determining that Hopkins's sentence was barred by the prohibition against double jeopardy found in the Pennsylvania and United States Constitutions; (iii) Hopkins's sentence was contrary to the jury's finding that he was not guilty of second degree murder; (iv) the mandatory sentencing provisions of 18 Pa. C.S.A. § 3301(b) violate the Pennsylvania and United States Constitutions because result in a finding of guilt of second degree murder where the defendant has been found not guilty of such a charge; and (v) the trial court erred in denying Hopkins a new trial based on after discovered evidence. On February 23, 1998, the PCRA court issued an order and opinion pursuant to Pa. R. App. P 1925, explaining its reasons for denying Hopkins's first PCRA petition. The court rejected Hopkins's first, third, and fifth arguments are previously litigated. The court rejected Hopkins's second and fourth arguments on the merits, finding no double jeopardy violation and that the arson statute is constitutional. On July 13, 1998, the Superior Court affirmed the denial the petition. That court noted that the only issue actually addressed in Hopkins's appeal was his double jeopardy argument, which the court rejected on the merits.

On June 26, 2001, Hopkins, through counsel, filed a second PCRA petition, arguing that the trial court's jury instructions regarding 18 Pa. C.S.A. § 3301 were unconstitutional in light of the United States Supreme Court's decision in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). On March 22, 2002, the PCRA court dismissed the petition as untimely. The court issued an opinion in support of that order pursuant to Pa. R. App. P 1925 on June 12, 2002. Hopkins appealed, and on June 3, 2003, the Superior Court affirmed dismissal of Hopkins's second PCRA petition as untimely. Hopkins filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied by order of December 2, 2003.

On August 1, 2006, Hopkins, acting *pro se*, filed a third PCRA petition, arguing (i) that his sentence was beyond the maximum allowed by statute; (ii) that the trial court erred by allowing the admission of hearsay in violation of the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004); and (iii) that he had discovered that some of the findings of the fire investigation report used as evidence against him at trial were "contradictive [sic] to the law of nature, physics and human experience" and he therefore should be permitted to have an arson expert conduct investigation of the crime scene for him. By order of December 28, 2006, the PCRA court dismissed the petition as untimely. The Superior Court affirmed this dismissal by order of August 9, 2007.

On September 18, 2007, Hopkins filed his petition for writ of habeas corpus under § 2254.[3] In his petition, Hopkins raises four grounds for relief: (i) that the mandatory sentencing provisions of the arson statute violate due process and equal protection; (ii) that his life sentence is prohibited in light of his acquittal of second degree murder; (iii) that his trial counsel was ineffective for failing to challenge the mandatory sentencing provisions of the arson statute; and (iv) that the prosecutor failed to disclose exculpatory evidence that the fire started in a way other than described by law enforcement officers at trial.

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposed a one-year limitation period on petitions for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The petition was initially filed in the United States District Court for the Eastern District of Pennsylvania, which encompasses SCI-Graterford, where Hopkins is currently incarcerated. The case was transferred to this Court on December 17, 2007.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Usually, in a case like this one, the statute of limitations for a § 2254 petition begins to run on the date that the state judgment of conviction became final. Hopkins's conviction and sentence were affirmed by the Superior Court of April 15, 1994. Hopkins did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, and his conviction thus became final on May 16, 1994 when the 30 days provided for taking an appeal from the Superior Court's order expired.[4] *See* Pa. R. App. P. 903(a).

Hopkins's conviction, however, became final prior to the enactment of AEDPA on April 24, 1996. In such a case, the Third Circuit has determined that application of the one-year limitations period would be impermissibly retroactive and held that a petitioner whose conviction became final prior to the enactment of

---

[4] Thirty days from April 15, 1994 is actually May 15, 1994; however, that date was a Sunday and under Fed. R. Civ. P. 6(a) is not counted in calculating the end of the limitations period. *See Wilson v. Beard*, 426 F.3d 653, 662 (3d Cir. 2005) (holding Rule 6(a) applies to computation of limitations period for § 2254 petitions).

7

AEDPA has one year from the date of enactment to file a habeas petition. *Burns v. Morton*, 134 F.3d 109, 110 (3d Cir. 1998). Therefore, Hopkins had one year from AEDPA's enactment date of April 24, 1996, that is until April 24, 1997, to file his habeas petition. Thus, absent tolling of the statute or a later start date for the running of the statute, Hopkins's § 2254 petition filed on September 18, 2007 is thus more than a decade too late.

Section 2244(d) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A. § 2244(d)(2). Hopkins filed his first PCRA petition on January 16, 1997. This petition was denied by the PCRA court on December 30, 1997, and the denial was affirmed by the Superior Court on July 13, 1998. Hopkins did not appeal to the Pennsylvania Supreme Court within the 30 days allowed. The statute of limitations for Hopkins's § 2254 petition was thus tolled from April 24, 1997 to August 12, 1998. Hopkins, therefore, had one year from the latter date, or until August 12, 1999, to file his § 2254 petition.

Hopkins's second and third PCRA petitions, filed on June 26, 2001 and August 1, 2006 respectively, did not toll the limitations period for two reasons. First, at the time he filed these petitions, the one-year limitations period had

already run. *See, e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Second, both of Hopkins's subsequent PCRA petitions were denied by the Pennsylvania courts as untimely filed. An untimely PCRA petition is not "properly filed" for purposes of § 2244(d)(2), and does not toll the habeas limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Thus, absent equitable tolling or a later start date for the running of the statute, Hopkins's § 2254 petition filed on September 18, 2007 appears to be untimely. However, respondents did not raise the statute of limitations issue in any of their responses to the petition.[5] The Third Circuit has held that where a district court *sua sponte* raises a statute of limitations problem with a *pro se* habeas petition, the court must give notice of the issue and an opportunity to respond, and, if, as is the case here, the petition has passed the Rule 4 stage, also analyze the prejudice to the petitioner. *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc).

By the following order, the Court will provide the parties the opportunity submit additional briefs addressing the timeliness of Hopkins's petition and the prejudice to Hopkins of the Court's raising the statute of limitations issue *sua*

---

[5] The Court notes that it expressly requested Respondents to do so. (*See* Doc. 12 at 1.)

*sponte* at this point of the litigation. In addition to whatever arguments the parties wish to raise, the Court specifically requests that they address the following issues:

- Whether a start date for the running of the statute of limitations other than the date Hopkins's conviction became final applies to his petition, *see* 28 U.S.C. § 2244(d)(1);

- Whether the statute of limitations for Hopkins's petition is subject to equitable tolling, *see Pace*, 544 U.S. at 418-19; *Jones v. Morion*, 195 F.3d 153, 159 (3d Cir.1999); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1988); and

- Whether Hopkins has been prejudiced by the Court's raising the statute of limitations issue *sua sponte*, *see Bendolph*, 409 F.3d at 168-69.

Both Hopkins and Respondents shall submit any supplemental brief they wish to file regarding these issues within 30 days of the date of this Memorandum and Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. It appearing that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is untimely, the Court hereby gives notice to the parties of this statute of limitations problem; and

2. Within 30 days of the date of this Order, the parties may submit supplemental briefs addressing the Petition and the prejudice to the Petitioner of the Court's raising the statute of limitations issue *sua sponte* at this point of the litigation.

                                                   /s/ John E. Jones III
                                                   John E. Jones III
                                                   United States District Judge